IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LERORRICK NASH,

        Plaintiff

VS.

Sheriff TOMLYN PRIMUS,     NO. 5:07-CV-92 (HL)

        Defendant     **O R D E R**

Plaintiff **LERORRICK NASH**, an inmate at the Hancock County Jail in Sparta, Georgia, has filed a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

It is hereby **ORDERED** that hereafter plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

*I. STANDARD OF REVIEW*

    *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

In his complaint, plaintiff alleges that he has been at the Hancock County Jail for approximately 25 days and that the conditions of his confinement have been unsatisfactory. According to plaintiff, he "was told" that black and green fungus growing in the showers "cause

asbestos"; he is exposed to hazardous outdoor conditions including concrete that is 3-5 inches above the ground and downed razor wire; plaintiff's roommate received a letter wherein he was advised that two former inmates now have Tuberculosis; and plaintiff believes lead poisoning and asbestos are "everywhere." Plaintiff seeks release from prison, $500,000 in cash, and to be tested for TB, lead poisoning, and asbestos.

## III. DISCUSSION

The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement, ensuring that "inmates receive adequate food, clothing, shelter and medical care and must take reasonable measures to guarantee the safety of the inmates." ***Farmer v. Brennan***, 511 U.S. 825, 832 (1994). Isolated instances of deficient and uncomfortable conditions of confinement do not constitute cruel and unusual punishment. For conditions of confinement to violate the Eighth Amendment, even though they may be harsh and cause discomfort, the conditions must involve the "unnecessary and wanton infliction of pain." ***Rhodes v. Chapman***, 452 U.S. 337, 346 (1981), and deprive an inmate of the "minimal civilized measure of life's necessities." ***Id.*** at 347. The Supreme Court has instructed lower courts that "extreme deprivations are required to make out a conditions-of-confinement claim," ***Hudson v. McMillian***, 503 U.S. 1, 9 (1992), and that such claims require proof of "significant injury," ***Porter v. Nussle***, 534 U.S. 516, 528 (2002).

The Court finds that plaintiff has failed to allege either "extreme deprivations" or "significant injury." Rather than his claims rising to the level of constitutional violations, plaintiff complains about standard aspects of prison life, which at most resulted in minor inconveniences to plaintiff. The Supreme Court has made it clear that the Constitution requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. ***Rhodes v. Chapman***,

452 U.S. 337, 349 (1981).

Plaintiff further fails to allege that he personally has suffered any injury as a result of the alleged conditions. A civil rights plaintiff must allege threatened or actual injury in order to state a claim. ***O'Shea v. Littleton***, 414 U.S. 488, 494 (1974). Federal court jurisdiction can be invoked "only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action ...'" ***Warth v. Seldin***, 422 U.S. 490, 499 (1975). As plaintiff does not allege that he suffered any adverse effects as a result of his living conditions, such generalized complaints do not state a claim for relief. For example, plaintiff complains about former inmates being diagnosed with TB, but plaintiff had only been incarcerated for 25 days when he filed his complaint and makes no allegation that he was personally exposed to the disease.

Finally, plaintiff's request for release from prison is not available in a section 1983 action. ***See Preiser v. Rodriguez***, 411 U.S. 475 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus).

## IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 30th day of MARCH, 2007.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr

4